UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REX ALLEN MOORE, | ) |
| *Plaintiff,* | ) |
| | ) Case No. 3:23-CV-196 |
| v. | ) |
| | ) Judge Collier |
| BILL LEE, *et al.*, | ) Magistrate Judge McCook |
| *Defendants.* | ) |

## MEMORANDUM & ORDER

On October 8, 2024, the Court ordered Plaintiff to show cause within fourteen days why his complaint should not be dismissed for his failure to serve process on Defendants within ninety days of the filing of the complaint. (Doc. 39.) On October 25, 2024, Plaintiff responded to the show cause order. (Doc. 40.) On October 28, 2024, Plaintiff responded to the show cause order for the second time. (Doc. 42.) Plaintiff included summonses to be issued to Defendants Caldwell, Lee, and Strada, all at the same addresses to which the summonses were issued at the opening of the case. (*Compare* Doc. 42-1, *with* Docs. 2, 6.) Plaintiff also filed an application to proceed in *forma paupris*. (Doc. 41.)

The motion for leave to proceed in *forma pauperis* (Doc. 41) will be **DENIED AS MOOT** because Plaintiff has already paid his filing fee. The Clerk of Court is **DIRECTED** to reissue the summonses filed on October 28, 2024, (Doc. 42-1), and Plaintiff is **ORDERED** to properly serve Defendants within thirty days. Plaintiff's failure to properly comply with this Order will result in dismissal of this case without prejudice.

## I. BACKGROUND

On June 8, 2023, Plaintiff, Rex Allen Moore, filed a *pro se* complaint against Bill Lee, Frank Strada, Sarah Dunn, James Paschky, and Johnny Caldwell and paid the $402 filing fee. (Doc. 1). On July 27, 2023, Plaintiff filed an amended complaint adding David B. Rausch as a defendant. (Doc. 5.) On June 8, 2023, and July 27, 2023, the Clerk issued summonses as to all Defendants. (Docs. 2, 6.) On August 17, 2023, Plaintiff filed a "Notice of Filing Certified Mail Return Receipts" for Defendants Dunn and Strada. (Doc. 7.) The mailing to Defendant Dunn was received on July 31, 2023, by "C. Pruitt," and the mailing to Defendant Strada was received on August 2, 2023, by "Tyrone Hall." (*Id*. at 1, 3). On September 22, 2023, Plaintiff filed a second "Notice of Filing Certified Mail Return Receipts" regarding Defendant Lee. (Doc. 8). The mailing to Defendant Lee was received on August 9, 2023, by "Mosley." (*Id.* at 1.)

Accordingly, on February 29, 2024, Defendants filed a notice of insufficient service for all Defendants. (Doc. 20.) Defendants explain that "none of the certified mail receipts were signed by the named Defendants, the relevant affidavits attesting to means of service are incomplete and, at this time, service in this matter is not proper." (*Id.* at 3). Furthermore, "nothing in the record indicates any attempt to serve the remaining named Defendants: [Defendant] Paschky, [Defendant] Caldwell, and [Defendant] Rausch." (*Id*.)

On March 26, 2024, Plaintiff filed an Application for Clerk's Default as to all Defendants. (Docs. 27–32.) The Clerk determined that Plaintiff's method of service did not comply with Tennessee law and that Plaintiff failed to execute proof of service for the defendants in this case. (Doc. 35 at 4.) The Clerk denied the entry of default as to all Defendants because "there [was] no evidence in the record that the summonses were personally accepted by the named Defendants or

2

that the individual who signed the return receipt was authorized to accept service of process on their behalf." (*Id*.)

On October 8, 2024, the Court ordered Plaintiff to show cause within fourteen days why his complaint should not be dismissed for his failure to serve process on Defendants within ninety days of the filing of the complaint in this matter. (Doc. 39.) On October 25, 2024, Plaintiff responded to the show cause order. (Doc. 40.) Plaintiff recalls the clerk's office explaining service to him and that it was his "responsibility to do the court[']s service return." (*Id*. at 1.) However, Plaintiff says he never saw the returns of service in the mail and explains that this may be because he listed an undependable address on the summonses while homeless. (*Id*.) In response to the show cause order, Plaintiff also included summonses to be issued to Defendants Caldwell, Lee, and Strada, all at the same addresses to which the summonses were issued at the opening of the case (*compare* Doc. 42-1, *with* Docs. 2, 6), and an application to proceed in *forma paupris* (Doc. 41). Plaintiff, who is currently incarcerated, asserts he is indigent "with no funds to get this legal response certified, or postage, and information timely to the defendants." (Doc. 42 at 1.)

## II.     STANDARD OF REVIEW

A plaintiff has the burden of establishing that proper service has occurred. *Thul v. Haaland*, No. 1:20-cv-354, 2022 WL 20728031, at *2 (E.D. Tenn. Mar. 24, 2022). A plaintiff is responsible for having the summons and complaint served upon defendants within the time allotted by Rule 4(m) of the Federal Rules of Civil Procedure, and "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

3

A court must extend the time for service, however, if a plaintiff shows good cause for the delay. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 143 S. Ct. 782 (2023). A plaintiff bears the burden to establish good cause. *Alexandria-Williams v. Goins*, No. 2:22-cv-2134, 2024 WL 1152278, at *1 (W.D. Tenn. Feb. 26, 2024). Good cause is defined as "a reasonable, diligent effort to timely effect service of process." *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (quoting *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021)). Ignorance of the rules is insufficient to establish good cause. *Id.*

Even absent a showing of good cause, the court retains discretion as to whether to extend the time to serve. *Oakland Physicians,* 44 F.4th at 568. In *Oakland Physicians*, the Court of Appeals for the Sixth Circuit concluded that a district court should consider the following factors when deciding whether to grant a discretionary extension of time:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

4

*Id.* at 569.

## II.     DISCUSSION

Here, Plaintiff has not shown good cause for his failure to timely serve the complaint on Defendants.  Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  However, litigants who are representing themselves must still comply with the applicable rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Local Rule 83.13 places an affirmative duty on *pro se* litigants "to monitor the progress of the case, and to prosecute or defend the action diligently."  E.D. Tenn. L.R. 83.13.  While the Court recognizes Plaintiff's challenges with housing, he must monitor the docket and make a diligent effort to serve process.  *See id.*  Ignorance of the rules is insufficient to establish good cause.  *See Thul*, 2023 WL 640733, at *2.  Accordingly, the Court must consider whether an extension of time is nevertheless appropriate under the *Oakland Physicians* factors set forth by the Court of Appeals.

Some of the *Oakland Physicians* factors weigh against granting a discretionary extension of time.  First, an extension of time would be well beyond the timely service of process.  *See Oakland Physicians,* 44 F.4th at 568–69 (analyzing the first factor).  Since the complaint was filed almost seventeen months ago, Plaintiff has yet to properly serve Defendants.  (*See* Doc. 1.)  Further, nothing in the record indicates any attempt to serve Defendants Paschky, Caldwell, or Rausch.  This casts doubt on whether all Defendants have actual notice of the lawsuit.  *See Oakland Physicians,* 44 F.4th at 568–69 (analyzing the third factor).

On the other hand, there are also several factors that weigh in favor of granting a discretionary extension of time.  First, Plaintiff would be substantially prejudiced by the Court's

5

refusal to extend the time because if Plaintiff filed a new suit, it would be time-barred. *See id.* at 570 (analyzing the fourth factor). 42 U.S.C. § 1983 claims "are governed by the state-law statute of limitations for personal-injury torts." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). The statute of limitations for Plaintiff's § 1983 claim therefore expired on March 19, 2024, one year after the last alleged incident occurred on March 19, 2023. (*See* Doc. 1 at 4.) Additionally, while there would be substantial prejudice to Plaintiff, it is unlikely that an extension of time would prejudice Defendants more than the "inherent prejudice in having to defend the suit." *See Oakland Physicians,* 44 F.4th at 569 (analyzing the second factor).

Another factor that weighs in favor of Plaintiff is that he likely made a good faith effort to effect proper service of process. While the attempt to effectuate service was clearly ineffective, the record also indicates that Plaintiff exercised at least some reasonable diligence in his attempt. *See Warner v. Evans*, No. 5:09-CV-63, 2009 WL 3244751, at *3 (E.D. Ky. Oct. 5, 2009) (finding that the plaintiff showed reasonable diligence by going to the clerk's office to inquire about the procedure for filing a lawsuit and going to the post office to inquire about whether the documents had been successfully delivered to the defendant).

According to Plaintiff, Plaintiff was in communication with the clerk's office, sent the copy of the complaint and summonses to Defendants by certified mail, and checked the post office for tracking information the day of the filing attempt. (Doc. 40 at 1.) When the Court ordered Plaintiff to show cause within fourteen days why his complaint should not be dismissed for his failure to serve process on Defendants, Plaintiff responded. (*See* Docs. 40, 42.) He also reached out to the

clerk's office to change his address (Doc. 38) and to determine what documents were received by the Court so he could update his records. (Doc. 43.) These facts support the finding that Plaintiff made a good faith effort to correct any deficiencies. *See Oakland Physicians,* 44 F.4th at 569 (analyzing the fifth factor).

Further, Plaintiff is a *pro se* litigant who is "illiterate." (Doc. 42 at 1.) Plaintiff states that it is difficult remembering specific issues in his cases. (Doc. 40 at 1.) He also says it is difficult to receive law library requests in a timely manner while incarcerated. (Doc. 42 at 1.) Accordingly, Plaintiff is "deserving of additional latitude to correct defects in service of process." *See Oakland Physicians,* 44 F.4th at 569 (analyzing the sixth factor). Balancing these factors, the Court finds that a brief extension of thirty days is appropriate and will provide Plaintiff with additional time to serve Defendants.

### III. CONCLUSION

The motion for leave to proceed in *forma pauperis* (Doc. 41) is **DENIED AS MOOT** because Plaintiff has already paid his filing fee. (*See* Doc. 1.) The Clerk of Court is **DIRECTED** to reissue the summonses filed on October 28, 2024, (Doc. 42-1), and Plaintiff is **ORDERED** to properly serve Defendants within thirty days. Plaintiff's failure to properly comply with this Order will result in dismissal of this case without prejudice.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**