UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REX A. MOORE, | ) |
| *Plaintiff,* | ) ) ) |
| | ) Case No. 3:23-cv-196 |
| v. | ) |
| | ) Judge Collier |
| BILL LEE, *et al.*, | ) Magistrate Judge McCook |
| | ) |
| *Defendants.* | ) |

## **MEMORANDUM**

Before the Court is a motion by Defendants, Bill Lee, Frank Strada, Sarah Dunn, James Paschky, Johnny Caldwell, and David B. Rouse,[1] to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. 50.) Alternatively, Defendants argue Plaintiff's claim is barred by the statute of limitations and sovereign immunity. (*Id.*) Plaintiff, Rex A. Moore, has responded. (Doc. 53.) The matter is now ripe for review.

**I. BACKGROUND**

On June 8, 2023, Plaintiff, Rex Allen Moore, filed a *pro se* complaint against Lee, Strada, Dunn, Paschky, and Caldwell in their official capacities. (Doc. 1.) On July 27, 2023, Plaintiff filed an amended complaint adding Rouse as a defendant. (Doc. 5.) In his amended complaint, Plaintiff indicated that he was suing Rouse, Dunn, Paschky and Caldwell in both their official and individual capacities. (*Id.*) On June 8, 2023, and July 27, 2023, the Clerk issued summonses for all Defendants. (Docs. 2, 6.) On August 17, 2023, Plaintiff filed a "Notice of Filing Certified Mail Return Receipts" for Defendants Dunn and Strada. (Doc. 7.) The mailing to Defendant Dunn

---

[1] David B. Rouse is incorrectly listed as David B. Rausch in the CM/ECF system. (*See* Doc. 51 at 2.)

was received on July 31, 2023, by "C. Pruitt," and the mailing to Defendant Strada was received on August 2, 2023, by "Tyrone Hall." (*Id*. at 1, 3). On September 22, 2023, Plaintiff filed a second "Notice of Filing Certified Mail Return Receipts" regarding Defendant Lee. (Doc. 8). The mailing to Defendant Lee was received on August 9, 2023, by "Mosley." (*Id.* at 1.)

On February 29, 2024, Defendants filed a notice of insufficient service for all Defendants. (Doc. 20.) Defendants explained that "none of the certified mail receipts were signed by the named Defendants, the relevant affidavits attesting to means of service are incomplete and, at this time, service in this matter is not proper." (*Id.* at 3). Furthermore, "nothing in the record indicates any attempt to serve the remaining named Defendants: [Defendant] Paschky, [Defendant] Caldwell, and [Defendant] Rausch." (*Id*.)

On March 26, 2024, Plaintiff filed an Application for Clerk's Default as to all Defendants. (Docs. 27–32.) The Clerk determined that Plaintiff's method of service did not comply with Tennessee law and that Plaintiff failed to execute proofs of service for Defendants in this case. (Doc. 35 at 4.) The Clerk denied the entry of default as to all Defendants because "there [was] no evidence in the record that the summonses were personally accepted by the named Defendants or that the individual who signed the return receipt was authorized to accept service of process on their behalf." (*Id*.)

On August 6, 2024, Plaintiff filed a motion asking the Court to temporarily stop all docket filing because he could not "effectively research or respond timely" in this case due to "unstable residency" and homelessness since June 2024. (Doc. 38 at 1–2.) On October 8, 2024, the Court, interpreting this request as a motion to stay, denied the motion after determining a "stay of proceeding would cause undue delay for a determination in this case." (Doc. 39 at 2.) The Court ordered Plaintiff to show cause within fourteen days why his complaint should not be dismissed

for his failure to serve process on Defendants within ninety days of the filing of the complaint in this matter. (*Id*.) On October 25 and 28, 2024, Plaintiff responded to the show cause order and noted his difficulty in serving Defendants. (Docs. 40, 42.)

After weighing the factors set out in *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565, 568 (6th Cir. 2022), on November 20, 2024, the Court gave Plaintiff an extra thirty days to properly serve Defendants (Doc. 44), and the Clerk of Court reissued summonses to Defendants the same day (Doc. 45). The Court warned Plaintiff that his failure to properly serve Defendants in time would result in dismissal of this case without prejudice. (Doc. 44 at 1.) Plaintiff's deadline for proper service was December 20, 2024. (*See id*.)

On December 30, 2024, Plaintiff filed a notice with the Court indicating the summonses had been mailed. (Doc. 46). Plaintiff stated he mailed a copy of the summons and complaint for each Defendant to Tennessee's Attorney General and Reporter Jonathan Skrmetti. (*Id*. at 1.) At this time, Plaintiff suggested he needed more time to receive return receipts. (*Id*.)

On February 3, 2025, Plaintiff filed a notice of "summons now served." (Doc. 48.) Once again, Plaintiff represented that he served each Defendant by mailing a copy of the summonses and complaint to Tennessee's Attorney General and Reporter Jonathan Skrmetti. (*Id*. at 1.) He claims Defendants were served near or on December 10, 2024. (*Id*.) On February 4, 2025, Plaintiff filed a notice that Defendants were served in a different case, Case Number 3:24-cv-489. (Doc. 49 at 1.)

Defendants move to dismiss the complaint for insufficient service of process. (Doc. 50.) Defendants represent that the Attorney General's Office received the summonses for Defendants Lee, Strada, Helton, Dunn, Paschky, Caldwell, and Rouse in their official capacities on January 21, 2025, but Plaintiff has not served any Defendant in their individual capacity. (Doc. 51 at 2.)

3

On February 21, 2025, Plaintiff responded and acknowledged his inability to "timely respond by certified mail [showing] proof of service" in this case. (Doc. 53 at 2.)

## II.    **STANDARD OF REVIEW**

"The requirement of proper service of process is not some mindless technicality." *Vargo v. Graves*, No. 3:24-cv-153, 2024 WL 4829740 at *2 (M.D. Tenn. Oct. 21, 2024) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). "Nor is it 'meant to be a game or obstacle course for plantiffs.'" *Emiabata v. Farmers Ins. Corp.*, No. 3:23-cv-263, 2024 WL 4940543, at *3 (M.D. Tenn. Dec. 2, 2024), *report and recommendation adopted*, No. 3:23-CV-00263, 2024 WL 5248244 (M.D. Tenn. Dec. 30, 2024) (citation omitted). Instead, it "goes to the very heart of a court's ability to hear a case." *Vargo*, 2024 WL 4829740 at *2.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes courts to dismiss a complaint for "insufficient service of process," including for failure to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(5); *see, e.g., Emiabata*, 2024 WL 4940543, at *3. A plaintiff is responsible for having the summons and complaint served upon each defendant within the time allotted by Rule 4(m), and "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). A plaintiff bears the burden of establishing that proper service has occurred. *Tepe v. Whirlpool Corp.,* No. 22-5825, 2023 WL 6130297 at *2 (6th Cir. June 2, 2023); *Thul v. Haaland*, No. 1:20-cv-354, 2022 WL 20728031, at *2 (E.D. Tenn. Mar. 24, 2022). To determine whether a plaintiff has met this burden, courts examine "record evidence . . . including uncontroverted affidavits." *Emiabata*, 2024 WL 4940543, at *4 (internal quotations omitted) (quoting *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)).

## II.     DISCUSSION

Here, Defendants argue that the complaint should be dismissed against both the individual-capacity Defendants and the official-capacity Defendants for insufficient service of process. (Doc. 51 at 4.)

### A.     Individual-Capacity Defendants

Defendants argue that the claims against the individual-capacity Defendants should be dismissed because "Plaintiff altogether failed to serve the individual capacity Defendants in the 600+ days since Plaintiff filed his complaint." (*Id.*)

To properly serve a defendant in an individual capacity, the summons and complaint must be served upon the "individual personally," delivered "at the individual's dwelling or usual place of abode," or left with "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The Rules also allow a plaintiff to serve a defendant by "following state law . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Tennessee law permits service by mail. Tenn. R. Civ. P. 4.03(2). When process is served by mail, "the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and the return receipt shall be sent to and filed by the clerk." *Id.* The return receipt must show "personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." Tenn. R. Civ. P. 4.04(10). "If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used." Tenn. R. Civ. P. 4.03(2).

Here, the Court previously afforded Plaintiff some leniency and permitted additional time to properly serve Defendants, noting Plaintiff's *pro se* status and his apparent good-faith attempts to serve Defendants. (Doc. 44.) However, over two months later, there is still no proof Plaintiff has served the individual-capacity Defendants. There is no evidence in the record that the summonses were personally accepted by the named Defendants or by a person designated by Rule 4.04 or statute. *See* Tenn. R. Civ. P. 4.03(2). Further, by failing to send the clerk the return receipts, Plaintiff also did not serve Defendants in the manner prescribed by Tennessee law as allowed by Rule 4 of the Federal Rules of Civil Procedure. *See id.*; Fed. R. Civ. P. 4(e)(1). Accordingly, the claims against the individual capacity Defendants will be **DISMISSED WITHOUT PREJUDICE.**

B. **Official-Capacity Defendants**

Defendants also argue that the claims against the official-capacity Defendants should be dismissed due to Plaintiff's failure to comply with Rule 4(m). (Doc. 51 at 4.)

To properly serve an individual in an official state capacity, the individual must be served "in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2)(B). According to Tennessee state law, service shall be made by "delivering a copy of the summons and the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6).

On January 21, 2025, the Attorney General's Office received the summonses for Defendants Lee, Strada, Helton, Rouse, Dunn, Paschky, and Caldwell in their official capacities. (Doc. 51 at 2.) Although Plaintiff served Defendants in their official capacity pursuant to Rule 4.04(6) of the Tennessee Rules of Civil Procedure, Defendants argue that the case should still be dismissed because service happened thirty-two days after the Court's extended deadline. (*Id*. at 4.)

6

The Court warned Plaintiff that his failure to properly serve Defendants by December 20, 2024, would result in dismissal of his case without prejudice. (*See* Doc. 44 at 1.) "Although [P]laintiff undertook some efforts to cure the deficiencies identified in the Court's prior order regarding service of process," he nonetheless failed to comply with it when he served Defendants over a month after the already-extended deadline. *See Chaves v. U.S. Dep't of Educ.*, No. 3:22-cv-261, 2025 WL 255449, at *5 (E.D. Tenn. Jan. 21, 2025). Plaintiff should not "be allowed to benefit unfairly from this excessive delay." *See Williams v. Witsell*, No. 3:07-cv-243, 2008 WL 5120904, at *2 (E.D. Tenn. Dec. 3, 2008). Therefore, the Court finds that dismissal without prejudice under Rule 4(m) is warranted. The claims against the official-capacity Defendants will be **DISMISSED WITHOUT PREJUDICE.**

### III. CONCLUSION

Accordingly, Defendants' motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (Doc. 50) will be **GRANTED**. This case will be **DISMISSED** without prejudice, and the Clerk of Court will be **DIRECTED** to close the case.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**