UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| REX A. MOORE, | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Case No. 3:23-cv-196 |
| v. | ) | |
| | ) | Judge Collier |
| BILL LEE, *et al.*, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendants.* | ) | |

# **M E M O R A N D U M**

Before the Court are two pro se motions. One is a motion for relief from a final judgment (Docs. 64 and 66)[1] and one is a motion to appoint counsel (Doc. 65).

**I.     BACKGROUND**

On June 8, 2023, Plaintiff Rex A. Moore, proceeding *pro se*, filed a complaint against Governor Bill Lee, Frank Strada, Lisa Helton, Sarah Dunn, James Paschky, and Johnny Caldwell. (Doc. 1.) On July 27, 2023, Plaintiff filed an amended complaint adding David B. Rausch as a Defendant. (Doc. 5.) The complaint alleges violations of Plaintiff's civil rights under § 1983. (*See* Doc. 5.)

On February 29, 2024, Defendants filed a notice of insufficient service for all Defendants, stating that "the record does not contain proper proof that a copy of the summons and of the complaint were served upon any Defendants." (Doc. 20 at 3.) On October 8, 2024, the Court issued a show-cause order ordering Plaintiff to properly serve Defendants. (Doc. 39.) Plaintiff answered the show-cause order noting his difficulty paying the fees on time and that he did not see

---

[1] Both motions are titled "Motion to Set Aside Judgment," and it appears that the second filing (Doc. 66) is an addendum to the first (Doc. 64). Therefore, the Court will address these two as one motion.

1

them in the mail. (Doc. 40.) The Court granted Plaintiff an additional thirty days to properly serve Defendants. (Doc. 44.) Plaintiff notified the Court on December 30, 2024, that he had mailed the summonses (Doc. 46), and that, on February 3, 2026, the Tennessee Attorney General's office received the summons for Defendants in their official capacities (Doc. 48). The service to Defendants in their official capacities was thirty-two days after the Court's extended deadline. (Doc. 51 at 4.) And Plaintiff failed to serve any Defendant in their individual capacity.

On February 7, 2025, Defendants moved to dismiss the Complaint for improper service of process and because sovereign immunity bars this court from exercising jurisdiction over Plaintiff's official capacity claims. (Doc. 50.) On March 7, 2025, the Court entered an order dismissing Plaintiff's claims due to improper service of process as to both individual defendants and official capacity defendants. (Docs. 54, 55.) Plaintiff now moves for relief from a final judgment.

## II.     DISCUSSION

Plaintiff's motion is styled as a motion "Requesting Order to Set Aside Judgment upon Review by Amended & Supplemental Pleading & Appt. Legal Counsel." (Doc. 64.) The Court broadly construes Plaintiff's motion because courts hold filings by *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, the Court construes this as a motion to set aside the judgment under Rule 60(b), amend his pleading under Rule 15, and appoint counsel.

### A.     Motion for Relief from Judgment

"Courts regularly construe pro se plaintiffs' requests to 're-open' cases as motions for relief from a judgment or order under Fed. R. Civ. Pro. 60(b)." *Eggleston v. Daniels*, No. 15-11893, 2017 U.S. Dist. LEXIS 146090, at *4 (E.D. Mich. Sept. 7, 2017). A party may receive relief from

2

judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Most of Plaintiff's motion is incoherent. Plaintiff supports his motion to set aside judgment by arguing "[t]he dist. court should freely give leave upon justice remedy reopen this case back to Doc. 52 privilege base on plaintiff's notice ungiven to fairly respond opt. not received re. Doc. 54." (Doc. 64 ¶ 2 (emphasis in original).) He notes that he has had difficulty in maintaining litigation while in prison and has limited access to legal material. (Doc. 65 at 1.) Plaintiff also filed another motion to set aside the judgment (Doc. 66) which has similar coherency problems but accuses Defendants of "causing exceedingly time statute toil etc. against prosecution." (Doc. 66 at 1.)

Plaintiff has not shown he is entitled to relief from judgment under any of the prongs of Rule 60(b). Difficulty receiving filings, especially when the Court has addressed that difficulty and allowed extensions of time for proper service, is not, independently, ordinarily a proper basis for relief from judgment. *See McNiel v. FedEx Corporate Servs.*, No. 2:17-cv-2943, 2020 U.S. Dist. LEXIS 102367, at *6 (W.D. Tenn. June 11, 2020) (noting that while plaintiff "may have had some difficulty receiving some of the court filings in this case," she had not "established clear and convincing grounds for relief on the basis of mistake, inadvertence, surprise, or excusable neglect").

3

Plaintiff's allegations in his second filing of a motion to set aside the judgment (Doc. 66) could be construed to allege misconduct against Defendants. But, to the extent the court construes them that way, these are unsubstantiated, conclusory allegations that are not sufficient for relief from a final judgment. *See Schafer v. City of Defiance Police Dep't*, No. 3:6-cv-7084, 2009 U.S. Dist. LEXIS 16255, at *2 (N.D. Ohio Feb. 13, 2009) (finding that allegations of fraud "in entirely conclusory terms" are not sufficient for relief from judgment).

### B.     Motion to Amend Complaint

Plaintiff also repeatedly cites Federal Rule of Civil Procedure 15 and appears to be asserting new claims that "relate back" to his now dismissed claims. (*See* Doc. 65 ¶ 5) ("Pro se plaintiff, seek jurisdiction of this court… for his connected trial E.S.I. electronic storaged information, access disclosure, unavailable to him, in-cluded cause for his now claim's under FR Civ. P. 15."). However, Federal Rule of Civil Procedure 15 governs motions to amend a complaint, not motions to set aside a judgment. *See* Fed. R. Civ. P. 15. A Court will not allow amendment of a dismissed complaint.

> "While a court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), that is not the case where, as here, the Court has already dismissed the complaint. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated … if plaintiff wishes to raise new claims against new defendants, the proper course is to file a new complaint."

*Reed v. Gonzalez*, No. 16-cv-14255, 2017 U.S. Dist. LEXIS 23507, at *1–2 (E.D. Mich. Feb. 21, 2017). The judgment has not been set aside or vacated. Therefore, Plaintiff's arguments to amend his complaint do not have merit.

### C.     Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel. (Doc. 65-1 ¶ 10.) "The appointment of counsel to an indigent civil litigant is justified only by exceptional circumstances." *McBee v. Campbell Cnty. Det. Ctr.*, Nos. 17-5481/5943, 2018 U.S. App. LEXIS 6647, at *17-18 (6th Cir. Mar. 15, 2018). This determination requires courts to examine "the 'complexity of the factual and legal issues involved' and the plaintiff's ability to represent herself." *Id.* at 18 (quoting *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993)).

In support of this motion, Plaintiff represents that "[i]t is a clear fact of plaintiff's inability to [effectively] maintain [litigation] production while in a state D.O.C. institutional administration [segregation] housing classification facility with a very [limited] access to timely legal material, and research, where such housing law [books], or legal for [research] are not authorized, to learn, understand what material is needed etc." (Doc. 65 ¶ 1.) He represents that he has a limited education and is illiterate. (*Id.* at 1.)

This is a straightforward conditions of confinement case and there are no difficult or novel factual or legal issues. It also appears that Plaintiff may adequately represent himself, as he has been representing himself for over two years in this matter and was able to serve at least some defendants (albeit late). Furthermore, appointment of counsel "is not appropriate when a pro se litigant's claims are frivolous or when the chances of success are extremely slim." *Lavado*, 992 F.2d at 606. Here, the Court has conducted an independent review of the merits of Plaintiff's motion and determined that there is no arguable basis for relief from a final judgment. The futility of the claim weighs against appointing counsel. Therefore, the Court will deny Plaintiff's motion to appoint counsel.

5

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Plaintiff's motion for relief from a final judgment (Docs. 64, 66) and Plaintiff's motion to appoint counsel (Doc. 65).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**